Shirley A. LANG, Stephanie A. Flaig, Betty J. Ranthum, Patricia J. San Fillippo, Karen Kowalewsky, Robin Hall, Carolyn McGowan, Florance Bingner, Judy Schroeder, Julie Bullen, Kathleen A. Tice, Christine Schanning, Elaine Krawczyk, Leah Ludin, and Jeanne Ring, individually and on behalf of all others similarly situated, Plaintiffs,

v.

KOHL'S FOOD STORES, INC. and The Great Atlantic & Pacific Tea Company, Inc., Defendants.

No. 98–C–0351–C.

United States District Court,
W.D. Wisconsin.

Dec. 15, 1998.

Charles Barnhill, Miner, Barnhill & Galland, Madison, WI, for plaintiffs.

Jack D. Walker, Melli, Walker, Pease, et al., Madison, WI, for defendants.

### ORDER

CRABB, District Judge.

Pursuant to Fed.R.Civ.P. 72(a), defendants Kohl's Food Stores, Inc. and The Great Atlantic & Pacific Tea Company, Inc. have filed objections to an order of the United States Magistrate Judge granting a motion by the Equal Employment Opportunity Commission to quash subpoenas served on it by defendants and assessing sanctions against defendants. Defendants seek to have the order modified or set aside. Because I cannot find anything clearly erroneous or contrary to law in the magistrate judge's order, I decline to modify or set aside any portion of it.

Defendants believe that the EEOC acted improperly and in concert with plaintiffs to reopen an investigation into plaintiffs' charges of discrimination, which gave plaintiffs an additional eighty-five days in which to file their lawsuit against defendants. Defendants believe that if they can show that this happened, that they would be entitled to have plaintiffs' suit thrown out as untimely. Whether this is true is dubious. The statutory filing deadline is not a jurisdictional prerequisite and may be modified for equitable reasons. If it should turn out, for example, that the EEOC violated its own regulations, it does not follow necessarily that plaintiffs' suit would be dismissed. Plaintiffs would be entitled to show that they should receive the benefits of equitable tolling. *Cf. Gitlitz v. Compagnie Nationale Air France,* 129 F.3d 554, 557 (11th Cir.1997) (plaintiff could not argue entitlement to equitable tolling based on reliance on second letter from the EEOC when he had not raised issue in district court).

Despite the questionable value of their ultimate goal, defendants cannot let go of their request to subpoena employees of the EEOC and review documents in the commission's possession. Unpersuaded by the magistrate judge's thorough discussion of the merits of their request, they are trying again to demonstrate why they should be permitted to read documents the EEOC contends are subject to the deliberative process privilege and to depose employees on these same matters. In their objections, they emphasize their need for the discovery materials at trial in the case, but this assertion does not change the merits of their argument. It is highly unlikely that defendants would be allowed to use time at trial to pursue this contention.

For the reasons cogently stated by the magistrate judge, I am convinced that defendants have failed to show a need to depose EEOC employees or to review the documents they have subpoenaed. Furthermore, I agree with the magistrate judge that defendants have failed to show that the EEOC's claim of privilege is not well taken and that defendants' discovery request was substantially justified under Fed.R.Civ.P. 37(a)(4).

ORDER

IT IS ORDERED that defendants Kohl's Food Stores, Inc. and The Great Atlantic & Pacific Tea Company, Inc. motion to modify or set aside the order of the United States Magistrate Judge denying their motion to depose EEOC employees and review EEOC documents is DENIED.